Date signed December 02, 2005



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| RONALD EUGENE HASKINS | : | Case No. 04-32357PM |
| | : | Chapter 7 |
| Debtor | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |
| JANET M. NESSE, TRUSTEE | : | |
| Plaintiff | : | |
| vs. | : | Adversary No. 05-1963PM |
| RONALD EUGENE HASKINS | : | |
| DAWN N. DESGRAVES | : | |
| a/k/a DAWN N. HASKINS | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

**MEMORANDUM OF DECISION**

This case came before the court on the pre-trial of the Trustee's Complaint to Sell Property Free and Clear of Co-Owners' Interest Pursuant to 11 U.S.C. § 363(h). In the Complaint the Trustee notes that in this bankruptcy case under Chapter 7 the Debtor owns property located at 4600 Rolling Dale Way, Capitol Heights, Maryland, and asserts said property is valued at $180,000.00, subject to a deed of trust of approximately $122,000.00. There are unsecured claims without priority aggregating some $52,627.40, so that if a sale takes place at or near the price of $180,000.00, it will result in proceeds of approximately $25-30,000.00 for distribution among the unsecured creditors. The co-owner, Debtor's former wife, consents to this sale.

The Debtor filed an opposition to the Complaint noting that he has remarried, that he has a small child and his new wife has two children, and that he runs his business from his home. He

would therefore like the opportunity to keep the house, refinance the property, and use the proceeds to pay off his former wife's interest in the property and to pay off his debts. As compelling as these reasons appear, Debtor has no standing to contest this Complaint or the settlement by the Trustee and the co-owner. As the Court of Appeals points out in the case of *Willemain v. Kivitz*, 764 F.2d 1019, 1022 (CA4 1985), an insolvent debtor has no standing to challenge the proposed sale of his primary asset. Debtor has no pecuniary interest in the litigation.

For this reason, the court must overrule the objection filed by the Debtor to the proposed sale of the property. An appropriate order will be entered.

Counsel for the Trustee shall submit an appropriate order in ECF format approving the sale. The Order presented is unsatisfactory. The stipulation with the Defendant must be filed as a separate document.

cc:
Janet M. Nesse, Trustee, 1150 18th Street, N.W., Suite 800, Washington, DC 20036
Ronald E. Haskins, 4600 Rolling Dale Way, Capitol Heights, MD 20743
Dawn N. Desgraves, 5121 4th Street, N.E., Apt. 201, Washington, DC 20011

**End of Memorandum**